J-A10044-23
J-A10045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMAR CALDWELL | : | |
| | : | No. 2576 EDA 2022 |
| Appellant | | |

Appeal from the PCRA Order Entered August 23, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0006260-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMAR CALDWELL | : | No. 2577 EDA 2022 |
| | : | |
| Appellant | | |

Appeal from the PCRA Order Entered August 23, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0008162-2015

BEFORE:   PANELLA, P.J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 13, 2023**

Appellant, Lamar Caldwell, appeals *pro se* from the August 23, 2022,

order entered in the Court of Common Pleas of Bucks County, which dismissed

---

[*] Former Justice specially assigned to the Superior Court.

Caldwell's second petition filed under the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S.A. §§ 9541-9546, on the basis it was untimely filed.[1]  After a careful

review, we affirm.

This Court has previously set forth the relevant facts and procedural

history, in part, as follows:

> On August 17, 2015, Caldwell was arrested at the residence of James Santos, while attempting to burglarize the home.  Mr. Santos and his two children were inside the residence at that time.  In fact, Mr. Santos' fifteen-year-old daughter pushed her weight against a side door so that Caldwell could not enter the home.  That same day, police charged him with attempted burglary and a related crime.  [The charges were docketed at trial court number CP-09-CR-0006260-2015.]

> DNA taken from Caldwell following his arrest was later determined to match DNA from the scene of a burglary that had occurred at the home of Witold and Gabriella Czach several weeks earlier.  On December 9, 2015, police charged Caldwell with burglary and related charges in connection with this prior burglary.  [The charges were docketed at trial court number CP-09-CR-0008162-2015.] The trial court consolidated the two criminal dockets for trial.

> On March 15, 2016, a jury convicted Caldwell of several charges including attempted burglary-occupied structure-person present [and possession of an instrument of crime] for the Santos residence, and burglary-occupied structure-no person present, [criminal trespass, theft by unlawful taking, criminal mischief, and possession of an instrument of crime] for the Czach residence.  On July 6, 2016, the trial court imposed an aggregate term of twenty to forty years of incarceration.  The trial court denied Caldwell's post-sentence motion.

---

[1] As discussed *infra*, Caldwell filed a notice of appeal at each trial court docket number, and the appeals were listed separately in this Court at docket numbers 2576 EDA 2022 and 2577 EDA 2022. However, Caldwell filed identical appellate briefs for both appeals.  Accordingly, we address both appeals in this decision.

Caldwell filed a [direct] appeal to this Court, and on June 1, 2018, we affirmed his judgment of sentence. *See Commonwealth v. Caldwell*, 193 A.3d 1035 (Pa.Super. 2018) (unpublished memorandum). Although Caldwell raised a challenge to the discretionary aspects of his sentence, this Court found the issue waived because Caldwell's brief did not include a Pa.R.A.P. 2119(f) statement, and the Commonwealth objected to its absence. *Id.* at *10. On October 23, 2018, our Supreme Court denied Caldwell's petition for allowance of appeal. *Commonwealth v. Caldwell*, 196 A.3d 2015 (Pa. 2018). [Caldwell did not file a petition for a *writ of certiorari* with the United States Supreme Court.]

On March 1, 2019, Caldwell filed a timely *pro se* PCRA petition [at both trial court docket numbers.] The PCRA court appointed counsel, and PCRA counsel twice filed amended petitions. The Commonwealth filed an answer. The PCRA court held an evidentiary hearing on November 23, 2020. By order entered [on] April 27, 2021, the PCRA court denied Caldwell post-conviction relief. [Caldwell filed a] timely appeal[.]

*See Commonwealth v. Caldwell*, 270 A.3d 1138, at *1 (Pa.Super. 2021) (unpublished memorandum).

On appeal, Caldwell averred appellate counsel was ineffective in failing to preserve his discretionary aspects of sentencing claim. This Court held Caldwell failed to demonstrate he was prejudiced by counsel's omission since he did not prove that a new sentencing hearing would have been granted had counsel properly preserved his claim on appeal. Thus, we affirmed the PCRA court's April 27, 2021, order. *See id.* On May 16, 2022, our Supreme Court denied Caldwell's petition for allowance of appeal. *Commonwealth v. Caldwell*, 278 A.3d 306 (Pa. 2022). Caldwell did not file a petition for a *writ of certiorari* with the United States Supreme Court.

- 3 -

On July 8, 2022, Caldwell filed an identical *pro se* PCRA petition at both trial court docket numbers.[2] Therein, Caldwell averred his appellate counsel was ineffective for "not appealing the sentence," and PCRA counsel was ineffective for "not appealing all of [his] issues to the Superior Court." PCRA Petition, filed 7/2/22, at 4. The Commonwealth filed an answer in opposition thereto averring Caldwell's instant PCRA petition is time-barred.

On July 27, 2022, the PCRA court provided Caldwell with notice of its intent to dismiss the PCRA petition on the basis it was untimely filed. Caldwell filed a response indicating his issues were not "waived," and the Commonwealth's answer should be disregarded as "moot." By order entered on August 23, 2022, the PCRA court dismissed Caldwell's PCRA petition at both trial court docket numbers.

Caldwell timely filed a *pro se* notice of appeal at each trial court docket number.[3] On October 13, 2022, the PCRA court directed Caldwell to file a

---

[2] Although the petition was time-stamped and docketed on July 11, 2022, the envelope in which the petition was mailed bears an inmate mail postage stamp of July 8, 2022. Thus, we shall deem the petition to have been filed on July 8, 2022. **See Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997) (discussing the prisoner mailbox rule).

[3] Caldwell's notices of appeal are identical, and the caption lists both trial court docket numbers (with no distinguishing marks). Caldwell's notices of appeal implicate **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) (requiring appellants to file separate notices of appeal from single orders that resolve issues on more than one docket) (overruled in part by **Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021) (holding that "where a timely appeal is erroneously filed at only one docket, [Pa.R.A.P.] 902
*(Footnote Continued Next Page)*

Pa.R.A.P. 1925(b) statement. Caldwell filed a timely *pro se* Rule 1925(b)

statement at each trial court docket number on November 3, 2022,[4] and on

November 17, 2022, the PCRA court filed a Pa.R.A.P. 1925(a) opinion.[5]

On appeal, Caldwell sets forth the following issue in his "Statement of

the Questions Involved" (verbatim):[6]

---

permits the appellate court, in its discretion, to allow correction of the error, where appropriate.")).

In **Commonwealth v. Johnson**, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*), this Court emphasized that "**Walker** only required an appellant to file a 'separate' notice of appeal for each lower court docket the appellant was challenging," and "**Walker** made no mention of case numbers on a notice of appeal." **Id.** at 1148 (emphasis in original). Accordingly, we held that "[b]ecause Johnson appealed from four docket numbers and filed four notices of appeal, Johnson has complied with **Walker**. The fact that each notice of appeal listed all four docket numbers does not invalidate his notices of appeal, and we decline to quash his appeals." **Id.** (overruling **Commonwealth v. Creese**, 216 A.3d 1142, 1144 (Pa.Super. 2019) ("a notice of appeal may contain only one docket number" under **Walker**)).

Instantly, we conclude the fact that each of Caldwell's notices of appeal list both trial court docket numbers does not invalidate his notices of appeal. **See Johnson**, 236 A.3d at 1148.

[4] Although the Rule 1925(b) statement was time-stamped and docketed on November 14, 2022, we shall deem it to have been filed on November 3, 2022, when Caldwell handed it to prison authorities. **See Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997) (discussing the prisoner mailbox rule).

[5] The PCRA court urges this Court to find Caldwell's issues waived under Pa.R.A.P. 1925(b). Specifically, the PCRA court indicates "no Statement has been received by th[e] [PCRA] Court or entered on the docket." PCRA Court Opinion, filed 11/17/22, at 1. However, as indicated *supra*, Caldwell filed a timely Rule 1925(b) Statement. In any event, in light of our discussion *infra*, we need not address this issue further. **See Commonwealth v. Melvin**, 103 A.3d 1, 19 (Pa.Super. 2014) (holding this Court may affirm on other grounds).

[6] We note Caldwell filed identical briefs for both of his appeals.

1. Whether the PCRA Counsel was ineffective for failing to file Appellant [*sic*] issues to Superior Court of Pennsylvania, and Whether the Commonwealth erred by refusing to grant Appellant [*sic*] Second PCRA so Appellant [*sic*] issues could be heard NUN [*sic*] PRO TUNC to Superior Court from the November 23, 2020, Conference Hearing.

Caldwell's Brief at 1 (capitalization in original).

Initially, we note the following:

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

***Commonwealth v. Nero***, 58 A.3d 802, 805 (Pa.Super. 2012) (quotation marks and quotations omitted).

Caldwell does not dispute that his issue must be raised under the PCRA. Thus, before addressing the merits of his issue, we must first determine whether the PCRA court properly found the instant PCRA petition to be untimely filed.

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

- 6 -

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super. 2010)

(citations omitted).

> [There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.[7] 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to

---

[7] 42 Pa.C.S.A. § 9545(b)(2) previously provided that a petition invoking a timeliness exception was required to be filed within sixty days of the date the claim could first have been presented. However, effective December 24, 2018, the legislature amended Subsection 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." *See* 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). The amendment to Subsection 9545(b)(2) only applies to "claims arising on [December] 24, 2017, or thereafter." *See id.*, cmt. Caldwell filed the instant PCRA petition on July 8, 2022. In any event, as discussed *infra*, Caldwell did not plead, let alone prove, any of the timeliness exceptions.

- 7 -

allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

Here, Caldwell was sentenced on July 6, 2016, and this Court affirmed his judgment of sentence on June 1, 2018. The Pennsylvania Supreme Court denied Caldwell's petition for allowance of appeal on October 23, 2018, and Caldwell did not file a petition for a *writ of certiorari* with the United States Supreme Court.

Accordingly, Caldwell's judgment of sentence became final 90 days later, on or about January 21, 2019. ***See*** U.S. Supreme Court Rule 13 (effective January 1, 1990) (stating that a petition for *writ of certiorari* to review a judgment of sentence is deemed timely when it is filed within 90 days). Caldwell filed the instant PCRA petition on July 8, 2022, and consequently, it is facially untimely.

This does not end our inquiry, however, as we must determine whether Caldwell invoked any of the timeliness exceptions provided for in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Upon review, we agree with the Commonwealth that Caldwell "makes no attempt to raise, let alone prove, any of the timeliness

exceptions—either in his PCRA petition, his response to the Court's Notice of Intent to Dismiss, or in his Brief [on appeal]." Commonwealth's Brief at 16.[8]

Caldwell's petition is facially untimely, and he has not pled and proven an exception. "[Thus,] neither this Court nor the [PCRA] court has jurisdiction over this petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa.Super. 2007) (citation omitted). Therefore, we affirm the PCRA court's dismissal of Caldwell's instant PCRA petition.[9]

Affirmed

---

[8] Caldwell argues his trial counsel, appellate counsel, and PCRA counsel were ineffective in failing to preserve various issues for appeal. He suggests the issues cannot be barred as untimely because the failure to raise the issues earlier is a result of prior counsel's ineffective assistance. However, our Supreme Court has specifically held that "a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780 (Pa. 2000) (holding a claim of ineffective assistance of counsel does not meet the timeliness exceptions and must be raised in a timely petition).

[9] To the extent Caldwell contends the PCRA court erred in dismissing the instant PCRA petition without an evidentiary hearing, we note "[t]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." **Commonwealth v. Grayson**, 212 A.3d 1047, 1054 (Pa.Super. 2019) (citations omitted). Caldwell's petition is facially untimely, and he did not plead any exceptions in the PCRA court. Thus, the PCRA court did not abuse its discretion in dismissing the petition without an evidentiary hearing.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/2023